IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DEVIN BRANDIS PUGH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 3:25-CV-022-RAH-KFP ) |
| CHAMBERS COUNTY, ALABAMA, | ) ) |
| Defendant. | ) ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

On April 18, 2025, the Court directed pro se Plaintiff Devin Brandis Pugh to file the Court's long-form application for leave to proceed in forma pauperis by May 2, 2025. Doc. 10 at 3. The Court explained in detail why Pugh's pending motion for leave to proceed in forma pauperis (Doc. 7) was insufficient (Doc. 10 at 1–3). The Court then warned Pugh that a failure to "complete and timely file the long form application" would result in a recommendation of dismissal. Doc. 10 at 3–4. To date, neither the filing fee nor the long-form application have been received by the Court. Thus, dismissal is warranted. *See Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991))); *see also Curry v. Ocwen Loan Servicing, LLC*, 2016 U.S. Dist. LEXIS 113229, at *2–3 (N.D. Ga. Apr. 14, 2016) (recommending dismissal after Plaintiffs failed to submit IFP applications in compliance with the Court's order and "were warned by the Court that noncompliance with the Court's Order would result in a

recommendation of dismissal."), *report and recommendation adopted*, 2016 U.S. Dist. LEXIS 112751 (Aug. 24, 2016).

Instead of paying the filing fee or filing the provided long-form application to proceed in forma pauperis, Pugh filed a Motion to Reconsider the Court's denial of Pugh's Motion to Appoint Counsel. Doc. 14. However, the motion presents arguments that were or could have been raised in the original motion, do not demonstrate manifest error of law or fact, and are not premised on newly discovered evidence. *See Holmes v. Fresenius Kidney Care of Tuskegee*, No. 3:21-CV-578-ECM, 2023 WL 2413993, at *1 (M.D. Ala. Mar. 8, 2023) (discussing the standard of review for motions for reconsideration of nonfinal orders). Thus, the motion is due to be denied.

Accordingly, the undersigned Magistrate Judge RECOMMENDS this case be DISMISSED without prejudice.

It is further ORDERED as follows:

1. On or before **June 3, 2025**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District

Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    2.    Plaintiff's Motion for Reconsideration (Doc. 14) is DENIED.

DONE this 20th day of May, 2025.

                  /s/ Kelly Fitzgerald Pate
                  KELLY FITZGERALD PATE
                  UNITED STATES MAGISTRATE JUDGE